ORIGINAL

1  David D. Deason (SBN 207733)
   DEASON & ARCHBOLD
2  3300 Irvine Avenue, Suite 245
   Newport Beach, CA 92660
3  Telephone: (949) 794-9560
   Facsimile: (949) 794-9517
4  e-mail: David@yourlaborlawyers.com

FILED

'07 NOV -8 PM 3: 09

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ___ DEPUTY

5  Attorneys for Individual and Representative Plaintiffs

6

7                UNITED STATES DISTRICT COURT

8              SOUTHERN DISTRICT OF CALIFORNIA

9                                    '07 CV  2146 IEG (NLS)

10  DEVOHN L. FLOWERS; ANALIA        ) Case No.:
    HERNANDEZ; and LISA APPLEGATE,   )
11  individually, and on behalf of   ) [CLASS ACTION]
    all others similarly situated,   )
12  and on behalf of the general     ) **COMPLAINT FOR DAMAGES; DEMAND**
    public,                          ) **FOR JURY TRIAL**
13                                   )
                                     )
14          Plaintiffs,              )
                                     )
15      vs.                          )
                                     )
16  HSBC AUTO FINANCE, INC., a       )
    Delaware corporation; HSBC BANK  )
17  USA, NATIONAL ASSOCIATION;  and  )
    DOES 1 through 10, inclusive,    )
18                                   )
                                     )
19          Defendants.              )
                                     )
20  _____ )

21                    **JURISDICTION**

22      1.    This Court has subject matter jurisdiction over this

23  action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the

24  controversy arises under "constitution, laws or treaties of the

25  United States; specifically, the claim arises under the Fair

26  Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*,

27  ("FLSA").  Additionally, this Court has the authority to

28                              1

1    determine Plaintiffs' state claims pursuant to its supplemental

2    jurisdiction under 28 U.S.C. § 1367.

3                              **VENUE**

4         2.    Venue is proper in the Southern District of California

5    pursuant to 28 U.S.C. § 1391(b) because a substantial part of

6    the acts, events, or omissions giving rise to the action

7    occurred in this District and Plaintiffs and Defendants all

8    reside/operate business facilities within this district.

9                             **PARTIES**

10        3.    Individual and representative Plaintiff, DeVohn L.

11   Flowers (hereinafter "FLOWERS" or collectively as "Plaintiffs"),

12   is a resident of San Diego County, in the State of California.

13   She was employed by Defendants as a Funder from approximately

14   July of 2006 through approximately July of 2007, working out of

15   Defendants' business location at 5855 Copley Drive, San Diego,

16   California.  Plaintiff brings her claims on behalf of the

17   Collective and California class, as set forth below.

18        4.    Individual and representative Plaintiff, Analia

19   Hernandez (hereinafter "HERNANDEZ" or collectively as

20   "Plaintiffs"), is a resident of San Diego County, in the State

21   of California.  She was employed by Defendants as a Funder from

22   approximately June 2004 through approximately July of 2007

23   working out of Defendants' business location at 5855 Copley

24   Drive, San Diego, California. Plaintiff brings her claims on

25   behalf of the Collective and California class, as set forth

26   below.

27        5.    Individual and representative Plaintiff, Lisa

28   Applegate (hereinafter "APPLEGATE" or collectively as

1 | "Plaintiffs"), is a resident of San Diego County, in the State

2 | of California.  She was employed by Defendants as a Funder from

3 | approximately August 2003 through approximately May of 2005,

4 | working out of Defendants' business location at 5855 Copley

5 | Drive, San Diego, California.  Plaintiff brings her claims on

6 | behalf of the Collective and California class, as set forth

7 | below.

8 |     6.    Plaintiff is informed and believes, and thereon

9 | alleges, that Defendant HSBC Auto Finance, Inc. (hereafter "HSBC

10 | Auto" or collectively as "Defendants") was and is a Delaware

11 | Corporation doing business under and by virtue of the laws of

12 | the State of California, with a place of operation within San

13 | Diego County, providing lending services to consumers across the

14 | United State.

15 |     7.    Plaintiff is informed and believes, and thereon

16 | alleges, that Defendant, HSBC Bank USA, Nation Association

17 | (hereafter "HSBC Bank" or collectively as "Defendants") is a

18 | corporation doing business under and by virtue of the laws of

19 | the State of California, and at all times relevant to this

20 | action, was engaged in commerce throughout the United States,

21 | including business through its wholly owned subsidiary, HSBC

22 | Auto.

23 |     8.    Each of the DOES 1 through 10, inclusive, is so named

24 | because Plaintiffs does not know their true names and/or

25 | capacities at this time.  Plaintiffs will seek leave of Court to

26 | amend this Complaint when the true names and capacities of the

27 | defendants designated herein as DOES 1 through 10 have been

28 | ascertained.

1      9.   Plaintiffs are informed and believe, and on the basis

2  of such information and belief allege that each defendant was an

3  agent, employee, partner, and/or alter ego of each of the other

4  remaining defendants, and in doing the things herein alleged

5  were acting within the scope and course of such agency and/or

6  employment.  Upon information and belief, each of the

7  fictitiously named defendants are responsible in some manner for

8  the occurrences herein alleged, and Plaintiffs' injuries as

9  herein alleged, as well as the injuries of the putative class,

10 were proximately caused by such defendants.

11     10.  The defendants, and each of them, save and except

12 defendants HSBC Auto and HSBC Bank, which are sued as entities,

13 are sued in their individual and official capacities.

14     11.  The acts of defendants were in accordance with, and

15 represent the official policy of HSBC Auto and HSBC Bank, or

16 those whose edicts or acts may fairly be said to represent

17 official policies hereinafter set forth.

18     12.  Each defendant herein willfully committed, ordered,

19 directed, supervised, allowed, planned, ratified, concealed,

20 organized or otherwise participated in the unlawful acts

21 complained of herein.

22               **COLLECTIVE AND CLASS ACTION ALLEGATIONS**

23     13.  This is a Collective and Class Action, pursuant to

24 FLSA, 29 U.S.C. § 216(b) and Federal Rule of Civil Procedure

25 ("FRCP"), Rule 23, brought by individual and representative

26 Plaintiffs DeVohn L. Flowers, Analia Hernandez, and Lisa

27 Applegate, and all others similarly situated, as defined below,

28 against their former/current employers, Defendants HSBC Auto and

1   HSBC Bank USA.   Plaintiffs and putative collective and class

2   members seek recovery for violations of state and federal

3   overtime provisions and a failure to provide meal and rest

4   breaks in accordance with Cal. Labor Code §§ 226.7 and 512, as

5   well as all other applicable damages and penalties legally

6   recoverable, as a result of Defendants actions in requiring

7   Plaintiffs and putative class members to perform work without

8   compensation (off the clock).   Plaintiffs and putative class

9   members were/are employed by Defendants as "Funders."   All such

10  employees are similarly situated under the Fair Labor Standards

11  Action ("FLSA"), 29 U.S.C. § 216(b) and Federal Rule of Civil

12  Procedure ("FRCP"), Rule 23.

13      14.  This action is brought under the FLSA; California

14  Labor Code §§ 201, 202, 203, 226, 226.7, 510, 512, 1194, 1198;

15  and California Business and Professions Code § 17200 to recover

16  from Defendants unpaid overtime compensation, statutory damages,

17  and penalties.

18                        **COLLECTIVE ACTION**

19      15.  Plaintiffs bring the collective action, pursuant to 29

20  U.S.C. § 216(b), on behalf of themselves and all other similarly

21  situated current and former employees employed by Defendants as

22  "Funders," and any other similarly situated employees paid on an

23  hourly basis, who were not fully paid for all their overtime

24  hours worked (required to work off the clock) at any time within

25  the three-year period prior to the filing of this Complaint

26  through the final disposition of this action.

27      16.  Plaintiffs are informed and believe, and thereon

28  allege, that Defendants knew, or should have known, that

                              5

1  Plaintiffs and the Collective Class were working overtime
2  without proper compensation. Defendants' unlawful conduct was
3  widespread and consistent. Defendants knowingly and repeatedly
4  accepted the benefits of the labor performed by Plaintiffs and
5  the Collective Class, but failed and refused to compensate for
6  such additional hours worked. The failure to pay for all their
7  overtime hours worked was a company policy, ratified and
8  condoned by management.

9      17. Defendants' failure to properly compensate Plaintiffs
10 and the Collective Class is a violation of the FLSA, and thus, a
11 notice should be sent to all persons similarly situated. Those
12 persons similarly situated are current and former employees of
13 Defendants, and thus, are known to Defendants and readily
14 identifiable.

15                   **CLASS ACTION ALLEGATIONS**

16     18. Plaintiffs bring this action as a class action
17 pursuant to FRCP Rule 23 on behalf of all current and former
18 employees employed by Defendants as "Funders," and any other
19 former and current employees paid on an hourly basis, who were
20 not fully paid for all their overtime hours worked (required to
21 work off the clock) and/or were not provided their meal and rest
22 breaks at any time while employed within the State of California
23 within the four-year period prior to the filing of this
24 Complaint through the final disposition of this action. Such
25 persons have been denied compensation for their missed meal and
26 rest breaks and overtime hours worked in violation of the
27 California Labor Code.
28 / / / /

6

19.   There is a well defined community of interest in the litigation and the Class is easily ascertainable:

a.   Numerosity:  Plaintiffs are informed and believe, and thereon allege, that the proposed Class is so numerous as to make joinder impracticable.  Plaintiffs are informed and believe, and thereon allege, that the total number of putative class members, as defined above, exceeds 100 and that such persons are located in all parts of the state of California and throughout the various United States.

b.   Common questions predominate:  This action is maintainable by plaintiffs under Rule 23(b)(3) as a Class Action because the questions of law and fact common to the Class Members predominate over any questions affecting individual members and, on balance, a Class Action is superior to other methods available for adjudicating the controversy. The rights which are the subject of this action are common to all of the proposed Class Members who worked for Defendants within California, and Plaintiffs' claims, as hereinafter set forth, are typical of the claims of all Class Members including, but not limited to:

i)   Whether Defendants failed to properly compensate Plaintiffs and Class Members for all of their overtime hours worked in violation of the California state wage and hour laws;

ii)  Whether Defendants' failed to properly record and keep adequate records of all of the hours worked by Plaintiffs and Class Members, and whether Defendants provided a proper itemized statement of wages earned and hours worked, as required under state law;

iii) Whether Defendants' also failed to provide Plaintiff and Class Members with their statutorily required meal and rest breaks in violation of California Labor Code Section 226.7;

iv)  Whether Defendants employed Plaintiffs and Class Members, as defined under applicable state law;

v)   Whether Plaintiffs and Class Members are entitled waiting time penalties pursuant to Cal. Labor Code Section 203;

c.   Typicality:   Plaintiffs' claims, as well as Defendants' defenses to such claims, are typical of the claims and defenses of all Class Members.   Plaintiffs and the members of the proposed class all sustained damages arising out of Defendants' common practices of requiring "Funders," and other hourly employees, to work overtime without compensation, failing to record these additional hours worked, and failing to provide the proposed class with their statutorily required meal and rest breaks. Plaintiffs have the same, or substantially similar, duties and job responsibilities of the Class Members, which primarily revolve around the processing of auto loans for Defendants.

d.   Adequacy: Plaintiffs are adequate representatives of the class in that their claims are typical of each Class Member and they have no interest antagonistic to or in conflict with the interests of other Class Members.   Plaintiffs are qualified to, and will, fairly and adequately protect the interests of each class member.  Moreover, to represent their interests and the interests of the proposed class, Plaintiffs have retained counsel experienced in nationwide, and statewide, wage and hour collective and class action litigation.

1        e.   Superiority:  Class action adjudication is

2 superior to other available methods because a class action will

3 achieve economies of time, effort, and expense as compared to

4 separate lawsuits, and avoid inconsistent outcomes, because the

5 same issues can be adjudicated in the same manner for the entire

6 class.  Plaintiffs are currently unaware of any pending

7 litigation commenced by any other class member involving the

8 same issues in this Complaint.  Further, it is desirable to

9 concentrate the litigation of such claims in this forum, and

10 there are no difficulties likely to be encountered in the

11 management of the Class Action.

12        f.   Public Policy Consideration:  Employers

13 throughout the state violate wage and hour laws every day.

14 Current employees are often afraid to assert their rights out of

15 fear of direct or indirect retaliation. Former employees are

16 fearful of bringing actions because they perceive that their

17 former employers can damage their future endeavors through

18 negative references and other means.  Class Actions provide the

19 Class Members who are not named in the complaint with a type of

20 anonymity that allows for the vindication of their rights.

21     20.  This action is also maintainable as a Class because

22 filing separate actions may result in varying or contradictory

23 adjudications, thus establishing incompatible standards of

24 conduct for Defendants.  Further, Plaintiffs are informed and

25 believe, and thereon allege, that Defendants acted, or failed to

26 act, on grounds that generally affected the entire Class as a

27 whole.  Moreover, the damages suffered by individual Class

28 Members are small by comparison to the cost and expense of

1  individual prosecution of the action.  Filing as a Class will

2  also obviate the need for duplicative litigation, and thus, is

3  the most efficient and cost effective means by which to

4  adjudicate these claims.

5      21.  Plaintiffs request that absent Class Members be

6  notified by the best notice practicable under the circumstances,

7  including individual notice to all members who can be identified

8  through reasonable effort.

9                          **STATEMENT OF FACTS**

10      22.  At all times herein set forth, Defendants were

11  employers within the definition of the FLSA and California State

12  Law, and Plaintiffs were at all times herein set forth employees

13  of Defendants within the definition of the FLSA and California

14  State Law.

15      23.  Plaintiffs are informed and believe and thereon allege

16  that at all times herein mentioned, each Defendants' annual

17  gross volume of sales made or business done is not less than

18  $500,000.

19      24.  As set forth above, Defendants employed each of the

20  Plaintiffs in the capacity of "Funder" during all relevant

21  statutory periods.  Each Plaintiff worked out of Defendants'

22  business location at 5855 Copley Drive, San Diego, California.

23  Plaintiffs' job duties centered around the processing of auto

24  loans, including, but not limited to, verifying the employment

25  and financial stability of the buyers.  Each Plaintiff was paid

26  pursuant to an oral employment agreement.  Plaintiffs were paid

27  on an hourly basis which ranged from $13 to $16 dollars per

28  hour.

25.   Throughout their employment with Defendants, Plaintiffs were frequently required to work through their meal and rest breaks, and required to continue working after the conclusion of their scheduled shift (off-the-clock), without compensation, in order to complete the duties assigned to them. These additional hours worked caused Plaintiffs to work more than eight (8) hours in a day and forty (40) hours in a week without overtime compensation.

26.   Defendants knew or should have known that Plaintiffs worked overtime without compensation in that Defendants, or their agents, officers and employees, required Plaintiffs to work such overtime hours and were responsible for establishing the policies that prohibited Plaintiffs, and the other Class Members, from receiving compensation for all of their hours worked.   Plaintiffs' supervisors were aware that Plaintiffs were working overtime without compensation because the supervisors were often present, after hours and during lunch breaks, while the work was performed.   Defendants maintained a pervasive and widespread system whereby Defendants required Plaintiffs and Class Members to work through their meal and rest breaks and required them to work off-the-clock, without compensation.   In short, Defendants sat idly by and knowingly accepted the benefits of Plaintiffs labor, and the labor of the putative class, without providing lawful compensation.

27.   Plaintiffs are informed and believe, and thereon allege, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about the FLSA and California

11

1  overtime and wage laws.  Plaintiffs are further informed and

2  believe, and thereon allege, that at all times relevant to this

3  Complaint, Defendants knew or should have known that Plaintiffs

4  and other "Funders", and other hourly employees similarly

5  situated, were not being compensated for all of their overtime

6  hours worked and that such persons were frequently required to

7  work through their meal and rest breaks in violation of

8  California law.

9      28.  These actions by Defendants amount to blatant

10  violations of the FLSA and the California labor code.

11  Therefore, Plaintiffs are informed and believe, and thereon

12  allege, that at all times relevant herein, Defendants knew that

13  they had a duty to record all of Plaintiffs' hours worked and

14  compensate them for such hours, and to provide Plaintiffs Class

15  Members with their meal and/or rest periods.

16      29.  Plaintiffs are informed and believe that Defendants

17  willfully, knowingly and intentionally failed to comply with the

18  FLSA and California law, all in order to increase Defendants'

19  profits.

20                    **FIRST CAUSE OF ACTION**

21          **FOR WILLFUL VIOLATION OF 29 U.S.C. § 207**

22                    **(Against All Defendants)**

23      30.  Plaintiffs reassert and reallege paragraphs 1 through

24  29, inclusive, as though fully set forth and incorporated said

25  paragraphs herein by reference.

26      31.  The Defendants, and each of them, have either

27  recklessly or knowingly and intentionally failed to compensate

28      / / / /

1  Plaintiffs and Class Members at the rate of time and one-half
2  for all of the overtime hours they worked.

3      32.  As set forth more fully above, Plaintiffs worked more
4  than forty (40) hours per week without overtime compensation as
5  required under the FLSA.

6      33.  Although Defendants have been apprized of the law
7  regarding the payment of hours covered by the FLSA, Defendants
8  failed to pay Plaintiffs for all of their actual hours worked.

9      34.  Defendants knew or should have known that Plaintiffs
10  worked overtime hours without compensation because Plaintiffs'
11  supervisors were often present while the work was performed.

12      35.  In doing all the things described and alleged in this
13  Complaint, Defendants, and each of them, deprived Plaintiffs,
14  and Class Members, of the rights secured to them under federal
15  law, which clearly sets forth that Plaintiffs were entitled to
16  compensation at the rate of one and one-half their regular rate
17  of compensation for all hours worked in excess of forty (40)
18  hours in a workweek.

19      36.  In failing to compensate Plaintiffs and Class Members
20  for all their overtime hours worked, Defendants have also
21  failed to keep and preserve sufficient records to accurately
22  determine each Plaintiffs' lawful compensation, as required by
23  the FLSA.

24      37.  Defendants willfully, in bad faith and/or with a
25  reckless disregard for Plaintiffs and Class Members' rights
26  under the law, failed to compensate Plaintiffs and Class Members
27  for all of their overtime hours worked.

28

38.  As a direct and proximate result of Defendants'
actions and inactions, Plaintiffs and Class Members have been
damaged and are entitled to compensatory and/or liquidated
damages in an amount according to proof at trial including, but
not limited to, a sum equivalent to their unpaid compensation
and an equal amount for liquidated damages, according to proof,
for the three (3) years preceding the filing of this Complaint
as required under 29 U.S.C . § 216(b), attorney's fees, and
costs, as well as any other equitable relief that the Court
deems just and proper.  Plaintiffs, on behalf of themselves and
the Collective Class, seek recovery of all the aforementioned
damages.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE §§ 1198, 1194 and 510**

**(Against All Defendants)**

39.  Plaintiffs reassert and reallege paragraphs 1 through
38, inclusive, as if fully set forth and incorporate said
paragraphs herein by reference.

40.  The Defendants' conduct, as described in this
Complaint, violates the provisions of California Labor Code §
1198, which provides that it is unlawful to employ persons for
longer than the hours set by the Industrial Welfare Commission
("IWC").

41.   At all times relevant to this Complaint, the IWC
Wage Order applicable to Plaintiffs' employment by Defendants
provided that employees are entitled to payment at the rate of
one and one-half their regular rate of pay for all hours worked
in excess of eight (8) hours in a day or forty (40) hours in a

1    workweek.   The applicable Wage Order also provides that all

2    hours worked in excess of twelve (12) hours in a day must be

3    paid at a rate of two times the regular rate of pay, and that

4    the first eight (8) hours in the seventh consecutive day of

5    work must be paid at the rate of one and one-half times the

6    regular rate.   Effective January 1, 2000, these rights to

7    overtime compensation were codified in California Labor Code §

8    510.

9         42.   During their employment by Defendants, Plaintiffs

10   frequently worked more than eight (8) hours a day and/or forty

11   (40) hours per week.   Despite the hours worked by Plaintiffs,

12   Defendants willfully, in bad faith, and in knowing violation of

13   the California Labor Code, failed and refused to pay Plaintiffs

14   all of their overtime compensation due.

15        43.   By maintaining a system whereby Plaintiffs were

16   required to work through their meal and rest breaks and required

17   to work off-the-clock, Defendants failed to compensate

18   Plaintiffs for all of their hours worked. On those days in which

19   Plaintiffs worked over eight (8) hours in a day and/or forty

20   (40) hours in a week, Defendants have failed to compensate

21   Plaintiffs with all of their overtime wages due.

22        44.   Defendants' failure to pay Plaintiffs the unpaid

23   balance of overtime compensation violates the provisions of

24   Labor Code § 1198 and is therefore unlawful.

25        45.   Therefore, pursuant to California Labor Code § 1194,

26   Plaintiffs and Class Members are entitled to recover their

27   unpaid overtime compensation in an amount according to proof,

28   plus interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203**

**(Against All Defendants)**

46.  Plaintiffs reassert and reallege paragraphs 1 through 45, inclusive, as if fully set forth and incorporate said paragraphs herein by reference.

47.  At all times herein set forth, California Labor Code § 218 authorizes employees to "sue directly...for any wages or penalty due him [or her] under [the Labor Code]."

48.  The Defendants' conduct, as described in this Complaint, violates the provisions of California Labor Code § 203 which provides that "If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days . . . . Suit may be filed for these penalties at any time before the expiration of the statute of limitations on an action for the wages from which the penalties arise."

49.  Defendants' failure to pay Plaintiffs and Class Members their overtime wages earned and unpaid at the time of discharge, or within seventy-two (72) hours of their leaving Defendants' employ, violated California Labor Code Section 201 and/or Section 202.

50.  Therefore, Plaintiffs, and other Class Members who are no longer employed by Defendants, are entitled to recover from

16

1  Defendants the statutory penalty for each day that they were not

2  paid at their regular rate of pay up to a thirty (30) day

3  maximum pursuant to California Labor Code § 203.

### FOURTH CAUSE OF ACTION

### WILLFUL VIOLATION OF CALIFORNIA LABOR CODE § 226

### (Against all Defendants)

7      51.  Plaintiffs reassert and reallege paragraphs 1 through

8  50, inclusive, as if fully set forth and incorporate said

9  paragraphs herein by reference.

10      52.  At all times herein set forth, California Labor Code §

11  218 authorizes employees to "sue directly...for any wages or

12  penalty due him [or her] under [the Labor Code]."

13      53.  Defendants, and each of them, have either recklessly

14  or knowingly and intentionally failed to make, keep, preserve an

15  and provide true, accurate, and complete itemized records of,

16  among other things, the actual number of hours worked each

17  workday and each workweek by Plaintiffs and Class Members.

18      54.  Therefore, Plaintiffs and Class Members are entitled

19  to recover from Defendants the greater of their actual damages

20  caused by Defendants' failure to comply with California Labor

21  Code § 226(a) or an aggregate penalty not exceeding four

22  thousand dollars ($4000), and an award of costs and reasonable

23  attorney's fees pursuant to Labor Code § 226(e).

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

**FIFTH CAUSE OF ACTION**

**VIOLATION FOR FAILURE TO PROVIDE MEAL AND REST BREAKS**

**(Against all Defendants)**

55.  Plaintiffs reassert and reallege paragraphs 1 through 54, inclusive, as if fully set forth and incorporate said paragraphs herein by reference.

56. At all times herein set forth, California Labor Code § 218 authorizes employees to sue directly...for any wages or penalty due him [or her] under [the Labor Code].

57.  The Defendants' conduct, as described in this Complaint, violates the provisions of California Labor Code § 226.7, which provides that no employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

58.  At all times herein set forth, the IWC Wage Order applicable to Plaintiffs' employment with Defendants, provides that no employer shall employ any person for a work period of more than five hours without a meal period of not less than 30 minutes.  If an employer fails to provide an employee a meal period, the employer shall pay the employee one hour of pay for each workday that the meal period is not provided.

59.  At all times herein set forth, the IWC Wage Order applicable to Plaintiffs' employment with Defendants also provides that every employer shall permit and authorize each employee to take rest periods of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof. If an employer fails to provide an employee a rest period, the

/ / / /

18

1  employer shall pay the employee one hour of pay for each workday
2  that the rest period is not provided.

3       60.  California Labor Code § 512 prohibits an employer from
4  employing an employer for a work period of more than five (5)
5  hours without providing the employee a meal period of not less
6  than thirty (30) minutes, or for a work period of more than ten
7  (10) hours without providing the employee a second meal period
8  of not less than thirty (30) minutes.

9       61.  By failing to provide Plaintiffs and Class Members
10  their meal breaks and/or failing to authorize and permit
11  Plaintiffs and class members their rest periods, as required by
12  law, Defendants have violated the provisions of California Labor
13  Code §§ 226.7 and 512, and IWC Wage Order No. 4.

14      62.  Therefore, Plaintiffs and Class Members are entitled
15  to recover from Defendants one additional hour of pay at their
16  regular rate of compensation for each work day that their meal
17  and/or rest period was not provided in accordance with
18  California law, and an award of costs and reasonable attorney
19  fees.

20                    **SIXTH CAUSE OF ACTION**

21         **VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS**

22                **CODE SECTIONS 17200 _et seq_**

23                **UNFAIR BUSINESS PRACTICES**

24                  **(Against All Defendants)**

25      63.  Plaintiffs reassert and reallege paragraphs 1 through
26  62, inclusive, as if fully set forth and incorporate said
27  paragraphs herein by reference.

28  / / / /

1    64.  Plaintiffs bring this cause of action on behalf of

2  themselves, the general public, and all other "Funders," or

3  other similarly situated hourly employees, employed by

4  Defendants in the four years preceding the filing of this

5  action.

6    65.  Defendants' failure to pay overtime in violation of

7  California law and failure to provide meal breaks and/or

8  authorize and permit rest breaks, constitutes an unlawful

9  business act and practice in violation of Business and

10  Professions Code §17200 *et seq.*

11    66.  Pursuant to Business and Professions Code '17200 *et*

12  *seq.*, Plaintiffs and Class Members employed by Defendants are

13  entitled to restitution of their uncompensated overtime accrued,

14  which have been withheld and retained by Defendants during a

15  period that commences four years prior to the filing of this

16  action; a permanent injunction requiring Defendants to cease

17  their policy of requiring "Funders," and other similarly

18  situated employees, to perform work off-the-clock, without

19  proper compensation; an award of attorneys fees pursuant to Code

20  of Civil Procedure § 1021.5 and other applicable law; and costs.

21                        **PRAYER FOR RELIEF**

22    WHEREFORE, Plaintiffs and Class Members pray for relief and

23  judgment against Defendants, jointly and severally, as follows:

24                        Class Certification

25    1.    That this action be certified as a class action,

26          pursuant to FRCP, Rule 23;

27    2.    That this action be certified as a Collective Action,

28          pursuant to 29 U.S.C. § 216(b).

3.    That Plaintiffs be appointed as the representatives of the class; and

4.    That Counsel for Plaintiffs be appointed as class counsel.

### As to the First Cause of Action

1.    For general unpaid wages at overtime rates, and any other actual, consequential, liquidated and incidental losses and damages, according to proof at trial;

2.    Such other damages as may be allowed in accordance with the Federal Rules of Civil Procedure, Rule 54(c), and 29 U.S.C. 216(b), according to proof;

3.    Liquidated damages, attorney fees, and costs pursuant to 29 U.S.C. 216(b); and

4.    Any other relief, including equitable relief, as the Court may deem just and proper.

### As to the Second Cause of Action

1.    For general unpaid wages at overtime rates, and such general and special damages as may be appropriate;

2.    For pre-judgment interest on any unpaid overtime compensation due from the day such amounts were due;

4.    For reasonable attorney's fees pursuant to California Labor Code § 1194(a);

5.    For costs of suit incurred herein; and

6.    For such other and further relief as the Court may deem appropriate.

### As to the Third Cause of Action

1.    For all actual, consequential, and incidental losses and damages, according to proof;

1    2.    For statutory penalties pursuant to California Labor

2   Code § 203;

3    3.    For reasonable attorney's fees;

4    4.    For costs of suit incurred herein; and

5    5.    For such other and further relief as the Court may

6   deem appropriate.

7                    As to the Fourth Cause of Action

8    1.    For all actual, consequential, and incidental losses

9   and damages, according to proof;

10    2.    For statutory penalties pursuant to California Labor

11   Code § 226(e);

12    3.    For reasonable attorney's fees pursuant to California

13   Labor Code § 226(e);

14    4.    For costs of suit incurred herein; and

15    5.    For such other and further relief as the Court may

16   deem appropriate.

17                    As to the Fifth Cause of Action

18    1.    For all actual, consequential, and incidental losses

19   and damages, according to proof;

20    2.    For statutory damages pursuant to California Labor

21   Code § 226.7(b);

22    3.    For reasonable attorneys fees;

23    4.    For costs of suit incurred herein; and

24    5.    For such other and further relief as the Court may

25   deem appropriate.

26                    As to the Sixth Cause of Action

27    1.    For all actual, consequential, and incidental losses

28   and damages, according to proof;

1       2.    For restitution of uncompensated overtime and accrued

2   interest to all Class Members employed by Defendants in

3   California;

4       3.    For a permanent injunction that Defendants cease their

5   policy of requiring Plaintiffs and Class Members to work off-

6   the-clock;

7       4.    For reasonable attorneys fees, pursuant to Code of

8        Civil Procedure § 1021.5

9       5.    For costs of suit incurred herein; and

10      6.    For such other and further relief as the Court may

11  deem appropriate.

12

13  DATED: November 6, 2007          DEASON & ARCHBOLD

14

15

16                        By: _____

17                            David D. Deason
                             Attorneys for Plaintiffs

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

DATED: November 6, 2007          DEASON & ARCHBOLD

By: _____
                                 David D. Deason
                                 Attorneys for Plaintiffs

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 144326    — SR**

**November 08. 2007
15:09:46**

**Civ Fil Non-Pris**
USAO #.: 07CV2146 CIV. FIL.
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC#0710

**Total—>  $350.00**

FROM: FLOWERS V. HSBC
      CIVIL FILING

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

SEE ATTACHMENT

**DEFENDANTS**

SEE ATTACHMENT

FILED

07 NOV -8 PM 3:08

**(b)** County of Residence of First Listed Plaintiff  SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  SAN DIEGO
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number) David D. Deason
DEASON & ARCHBOLD, 3300 Irvine Ave., #245
Newport Beach, CA 92660   (949) 794-9560

Attorneys (If Known)

'07 CV  2146 IEG  (NLS)

## II. BASIS OF JURISDICTION  (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)     and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal Injury Product | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN  (Place an "X" in One Box Only)

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Appeal to District Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
FLSA, 29 U.S.C. Section 207

Brief description of cause:  Defendant did not pay Plaintiffs overtime

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE                              DOCKET NUMBER

DATE
November 6, 2007

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # 144326   AMOUNT 350.

11\8\07

APPLYING IFP                JUDGE                MAG. JUDGE