1 | Kathryn A. Bernert, State Bar No. 127418
Liseanne R. Kelly, State Bar No. 211782
2 | LUCE, FORWARD, HAMILTON & SCRIPPS LLP
Del Mar Gateway
3 | 11988 El Camino Real, Suite 200
San Diego, California 92130-2594
4 | Telephone No.: 858.720.6300
Fax No.: 858.720.6306
5 |
Attorneys for Defendant HSBC AUTO
6 | FINANCE INC.

7

8 

9

### UNITED STATES DISTRICT COURT

### SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11 DEVOHN L. FLOWERS;<br>ANALIA HERNANDEZ; and<br>12 LISA APPLEGATE, | CASE NO. 07 CV 2146 IEG (NLS)<br><br>JUDGE: HON. IRMA E. GONZALEZ<br>CTRM: 1 |
| 13 Plaintiffs, | **DEFENDANT HSBC AUTO FINANCE** |
| 14 v. | **INC.'S ANSWER TO PLAINTIFFS'**<br>**FIRST AMENDED COMPLAINT** |
| 15 HSBC AUTO FINANCE INC;<br>HSBC FINANCE CORPORATION; and<br>16 DOES 1 through 10, Inclusive, | |
| 17 Defendants. | |

18

19    Defendant HSBC AUTO FINANCE INC. ("HSBC Auto" or "Defendant"), for itself alone,

20 hereby responds to Plaintiffs' Complaint filed herein as follows:

21    1.    Answering the allegations of paragraph 1, Defendant is unable to admit or deny legal

22 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

23 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

24    2.    Answering the allegations of paragraph 2, Defendant is unable to admit or deny legal

25 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

26 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

27 admits the allegation that it operates business facilities within this district.

28    3.    Answering the allegations of paragraph 3, Defendant is informed and believes that

1

Plaintiff Flowers is a resident of San Diego County, in the state of California.  Defendant also admits that Plaintiff was employed by HSBC Auto as a Funder from July 2006 to July 2007, working out of HSBC Auto's location at 5855 Copley Drive, San Diego, California.  As to the remaining allegations, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

4.    Answering the allegations of paragraph 4, Defendant is informed and believes that Plaintiff Hernandez is a resident of San Diego County, in the state of California.  Defendant also admits that Plaintiff was employed by HSBC Auto as a Funder from June 2004 to July 2007, working out of HSBC Auto's location at 5855 Copley Drive, San Diego, California.  As to the remaining allegations, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

5.    Answering the allegations of paragraph 5, Defendant is informed and believes that Plaintiff Applegate is a resident of San Diego County, in the state of California.  Defendant also admits that Plaintiff was employed by HSBC as a Funder working out of HSBC Auto's location at 5855 Copley Drive, San Diego, California.  Defendant denies that Plaintiff Applegate was employed from August 2003 through May of 2005.  As to the remaining allegations, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

6.    Answering the allegations of paragraph 6 Defendant HSBC Auto admits that it was and is a Delaware Corporation doing business under and by virtue of the laws of the state of California, with a place of operation within San Diego County.  Defendant HSBC Auto further admits it provides lending services to consumers across the United States.

7.    Answering the allegations of paragraph 7, Defendant HSBC Auto admits that it is a wholly owned subsidiary of HSBC Finance.  Defendant denies each and every remaining allegation of said paragraph.

07 CV 2146 IEG (NLS)

8.      Answering the allegations of paragraph 8, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. With respect to any factual allegations in paragraph 8, Defendant denies each and every allegation of said paragraph.

9.      Answering the allegations of paragraph 9, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. With respect to any factual allegations in paragraph 9, Defendant denies each and every allegation of said paragraph.

10.     Answering the allegations of paragraph 10, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. With respect to any factual allegations in paragraph 10, Defendant denies each and every allegation of said paragraph.

11.     Answering the allegations of paragraph 11, Defendant is unable to admit or deny Plaintiffs' allegations as the allegations in said paragraph are unintelligible.

12.     Answering the allegations of paragraph 12, Defendant denies each and every allegation in paragraph 12.

13.     Answering the allegations of paragraph 13, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. With respect to the factual allegations on paragraph 13, Defendant admits that the Plaintiffs seek recovery for alleged violations of state and federal overtime provisions and a failure to provide meal and rest breaks as well as other damages and penalties. Defendant also admits that Plaintiffs were employed by HSBC Auto as Funders. Defendant denies all remaining factual allegations contained in paragraph 13.

14.     Answering the allegations of paragraph 14, Defendant admits that Plaintiffs brought

this action under the FLSA, California Labor Code and California Business and Professions Code. Defendant denies any factual allegations contained in paragraph 14.

15.    Answering the allegations of paragraph 15, Defendant admits that Plaintiffs are bringing this action pursuant to 29 U.S.C. § 216(b).  Defendant denies the remaining allegations in paragraph 15.

16.    Answering the allegations of paragraph 16, Defendant denies each and every allegation in paragraph 16.

17.    Answering the allegations of paragraph 17, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies any factual allegations contained in paragraph 17.

18.    Answering the allegations of paragraph 18, Defendant admits that Plaintiffs are bringing this action as a class action pursuant to FRCP Rule 23.  Defendant denies the remaining allegations in paragraph 18.

19.    Answering the allegations of paragraph 19, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies the remaining allegations in paragraph 18.

19(a).    Answering the allegations of paragraph 19(a), Defendant admits that the total number of putative class members, as defined in Plaintiffs' Complaint, exceeds 100.  Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies the remaining allegations in paragraph 19(a).

19(b).    Answering the allegations of paragraph 19(b), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

19(b)(i).    Answering the allegations of paragraph 19(b)(i), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

07 CV 2146 IEG (NLS)

1  allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

2  Defendant denies all factual allegations in paragraph 19(b)(i).

3      19(b)(ii).  Answering the allegations of paragraph 19(b)(ii), Defendant is unable to admit or

4  deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

5  allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

6  Defendant denies all factual allegations in paragraph 19(b)(ii).

7      19(b)(iii).  Answering the allegations of paragraph 19(b)(iii), Defendant is unable to admit or

8  deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

9  allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

10  Defendant denies all factual allegations in paragraph 19(b)(iii).

11      19(b)(iv).  Answering the allegations of paragraph 19(b)(iv), Defendant is unable to admit or

12  deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

13  allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

14  Defendant denies all factual allegations in paragraph 19(b)(iv).

15      19(b)(v).  Answering the allegations of paragraph 19(b)(v), Defendant is unable to admit or

16  deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

17  allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

18  Defendant denies all factual allegations in paragraph 19(b)(v).

19      19(c).  Answering the allegations of paragraph 19(c), Defendant is unable to admit or deny

20  legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

21  allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

22  Defendant denies all factual allegations in paragraph 19(c).

23      19(d).  Answering the allegations of paragraph 19(d), Defendant is unable to admit or deny

24  legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

25  allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

26  Defendant denies all factual allegations in paragraph 19(d).

27      19(e).  Answering the allegations of paragraph 19(e), Defendant is unable to admit or deny

28  legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not

1    allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

2    Defendant denies all factual allegations in paragraph 19(e).

3        19(f).   Answering the allegations of paragraph 19(f), Defendant lacks sufficient knowledge

4    regarding what employers throughout the state do with regard to wage and hour laws and denies the

5    allegations on that basis.  Defendant is unable to admit or deny legal allegations or conclusions of law

6    regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or

7    denial is required by the Federal Rules of Civil Procedure.   Defendant denies all remaining factual

8    allegations in paragraph 19(f).

9        20.    Answering the allegations of paragraph 20, Defendant denies each and every allegation

10    in paragraph 20.

11        21.    Answering the allegations of paragraph 21, Defendant is unable to admit or deny

12    Plaintiffs' request for notice, as said allegations are not allegations of fact to which an admission or

13    denial is required by the Federal Rules of Civil Procedure.

14        22.    Answering the allegations of paragraph 22, Defendant is unable to admit or deny legal

15    allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

16    fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

17        23.    Answering the allegations of paragraph 23, Defendant admits that at all times

18    mentioned in the Complaint that its annual gross volume of sales made or business done is not less

19    than $500,000.

20        24.    Answering the allegations of paragraph 24, Defendant admits that each of the named

21    Plaintiffs was employed by HSBC Auto as a Funder at HSBC Auto's location at 5855 Copley Drive,

22    San Diego, California.   Defendant further admits that Plaintiffs' job duties centered around the

23    processing of auto loans, including, but not limited to, verifying the employment and financial

24    stability of the buyers.  Defendant further admits that Plaintiffs were paid on an hourly basis which

25    ranged from approximately $13 to $16 dollars per hour.   Except as expressly admitted or alleged

26    herein, Defendant denies each and every remaining allegation of paragraph 24.

27        25.    Answering the allegations of paragraph 25, Defendant denies each and every allegation

28    in paragraph 25.

07 CV 2146 IEG (NLS)

1    26.    Answering the allegations of paragraph 26, Defendant admits that Plaintiffs'

2    supervisors were often present while work was performed.    Defendant denies each and every

3    remaining allegation in paragraph 26.

4    27.    Answering the allegations of paragraph 27, Defendant admits it is advised from time to

5    time by lawyers.    Except as expressly admitted or alleged herein, Defendant denies each and every

6    remaining allegation of paragraph 27.

7    28.    Answering the allegations of paragraph 28, Defendant is unable to admit or deny legal

8    allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

9    fact to which an admission or denial is required by the Federal Rules of Civil Procedure.    Defendant

10   denies all factual allegations in paragraph 28.

11   29.    Answering the allegations of paragraph 29, Defendant denies each and every allegation

12   in paragraph 29.

13                          **FIRST CAUSE OF ACTION**

14                  **(FOR WILLFUL VIOLATION OF 29 U.S.C. § 207)**

15   30.    Answering the allegations of paragraph 30, Defendant incorporates by reference its

16   responses to paragraphs 1 through 29, as though set forth fully herein.

17   31.    Answering the allegations of paragraph 31, Defendant denies each and every allegation

18   in paragraph 31.

19   32.    Answering the allegations of paragraph 32, Defendant denies each and every allegation

20   in paragraph 32.

21   33.    Answering the allegations of paragraph 33, Defendant admits is aware of the law

22   regarding payment of hours worked.    Defendant denies each and every remaining allegation in

23   paragraph 33.

24   34.    Answering the allegations of paragraph 34, Defendant admits that Plaintiffs'

25   supervisors were often present while work was performed.    Defendant denies each and every

26   remaining allegation in paragraph 34.

27   35.    Answering the allegations of paragraph 35, Defendant is unable to admit or deny legal

28   allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

1   fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

2   denies all factual allegations in paragraph 35.

3       36.     Answering the allegations of paragraph 36, Defendant denies each and every allegation

4   in paragraph 36.

5       37.     Answering the allegations of paragraph 37, Defendant denies each and every allegation

6   in paragraph 37.

7       38.     Answering the allegations of paragraph 38, Defendant denies each and every allegation

8   in paragraph 38.

9                              **SECOND CAUSE OF ACTION**

10                  **(VIOLATION OF CALIFORNIA LABOR CODE §§ 1198, 1194 AND 510)**

11      39.     Answering the allegations of paragraph 39, Defendant incorporates by reference its

12  responses to paragraphs 1 through 38, as though set forth fully herein.

13      40.     Answering the allegations of paragraph 40, Defendant is unable to admit or deny legal

14  allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

15  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

16      41.     Answering the allegations of paragraph 41, Defendant is unable to admit or deny legal

17  allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

18  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

19      42.     Answering the allegations of paragraph 42, Defendant denies each and every allegation

20  in paragraph 42.

21      43.     Answering the allegations of paragraph 43, Defendant denies each and every allegation

22  in paragraph 43.

23      44.     Answering the allegations of paragraph 44, Defendant is unable to admit or deny legal

24  allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

25  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

26      45.     Answering the allegations of paragraph 45, Defendant is unable to admit or deny legal

27  allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

28  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

1 denies all factual allegations in paragraph 45.

2                            **THIRD CAUSE OF ACTION**

3        **(VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203)**

4        46.    Answering the allegations of paragraph 46, Defendant incorporates by reference its

5 responses to paragraphs 1 through 45, as though set forth fully herein.

6        47.    Answering the allegations of paragraph 47, Defendant is unable to admit or deny legal

7 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

8 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

9        48.    Answering the allegations of paragraph 48, Defendant is unable to admit or deny legal

10 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

11 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

12 denies all factual allegations in paragraph 48.

13        49.    Answering the allegations of paragraph 49, Defendant is unable to admit or deny legal

14 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

15 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

16 denies all factual allegations in paragraph 49.

17        50.    Answering the allegations of paragraph 50, Defendant denies each and every allegation

18 in paragraph 50.

19                           **FOURTH CAUSE OF ACTION**

20        **(WILLFUL VIOLATION OF CALIFORNIA LABOR CODE § 226)**

21        51.    Answering the allegations of paragraph 51, Defendant incorporates by reference its

22 responses to paragraphs 1 through 50, as though set forth fully herein.

23        52.    Answering the allegations of paragraph 52, Defendant is unable to admit or deny legal

24 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

25 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

26        53.    Answering the allegations of paragraph 53, Defendant denies each and every allegation

27 in paragraph 53.

28 / / / /

1         54.     Answering the allegations of paragraph 54, Defendant denies each and every allegation

2 in paragraph 54.

3                    **FIFTH CAUSE OF ACTION**

4      **(VIOLATION FOR FAILURE TO PROVIDE MEAL AND REST BREAKS)**

5         55.     Answering the allegations of paragraph 55, Defendant incorporates by reference its

6 responses to paragraphs 1 through 54, as though set forth fully herein.

7         56.     Answering the allegations of paragraph 56, Defendant is unable to admit or deny legal

8 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

9 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

10         57.     Answering the allegations of paragraph 57, Defendant is unable to admit or deny legal

11 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

12 fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant

13 denies all factual allegations in paragraph 57.

14         58.     Answering the allegations of paragraph 58, Defendant is unable to admit or deny legal

15 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

16 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

17         59.     Answering the allegations of paragraph 59, Defendant is unable to admit or deny legal

18 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

19 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

20         60.     Answering the allegations of paragraph 60, Defendant is unable to admit or deny legal

21 allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

22 fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

23         61.     Answering the allegations of paragraph 61, Defendant denies each and every allegation

24 in paragraph 61.

25         62.     Answering the allegations of paragraph 62, Defendant denies each and every allegation

26 in paragraph 62.

27 / / / /

28 / / / /

07 CV 2146 IEG (NLS)

**SIXTH CAUSE OF ACTION**

**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONALS CODE**

**SECTIONS 17200 *ET SEQ.*, UNFAIR BUSINESS PRACTICES)**

63.    Answering the allegations of paragraph 63, Defendant incorporates by reference its responses to paragraphs 1 through 62, as though set forth fully herein.

64.    Answering the allegations of paragraph 64, Defendant admits that Plaintiffs are bringing this action on their own behalf.  Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

65.    Answering the allegations of paragraph 65, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 65.

66.    Answering the allegations of paragraph 66, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 66.

**WITHOUT WAIVING ANY OF THE FOREGOING, ANSWERING**

**DEFENDANT, FOR ITS AFFIRMATIVE DEFENSES TO THE**

**COMPLAINT, ALLEGES AS FOLLOWS:**

The following separate affirmative defenses are asserted to the Complaint, and to each purported claim therein brought against Defendant.  By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden rests with Plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to Plaintiffs' allegations.

/ / / /

/ / / /

11

07 CV 2146 IEG (NLS)

**FIRST AFFIRMATIVE DEFENSE**

(Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a cause or causes of action against this answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

(Uncertainty)

The Complaint is vague, uncertain, ambiguous and unintelligible.

**THIRD AFFIRMATIVE DEFENSE**

(Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by each and every applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338(a), 339(1), 340(a), 343, California Business and Professions Code section 17208, and 29 U.S.C. section 255(a).

**FOURTH AFFIRMATIVE DEFENSE**

(Estoppel)

Plaintiffs are estopped by their own conduct and omissions from asserting any claims, damages or seeking other relief from Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiffs, by their actions and/or omissions, knowingly, voluntarily and willingly waived any rights they might otherwise have had against Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

(Laches)

Some or all of the causes of actions in the Complaint are barred by the doctrine of laches.

**SEVENTH AFFIRMATIVE DEFENSE**

(Jurisdiction)

The Court may lack jurisdiction over some or all of the putative class members.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### EIGHTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

Plaintiffs have not been damaged.  However, to the extent Plaintiffs prove otherwise, Plaintiffs have failed to take adequate steps to minimize, alter, reduce or otherwise diminish their damages, if any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiffs are barred from the recovery of damages, or damages should be dismissed based on Plaintiffs' failure to mitigate.

### NINTH AFFIRMATIVE DEFENSE

(Unclean Hands)

Defendant is informed and believes and thereon alleges that Plaintiffs, by their own conduct, acts, and/or omissions, are barred by their unclean hands and shared fault from all legal and equitable relief requested in the Complaint.

### TENTH AFFIRMATIVE DEFENSE

(Defendant's Full Performance)

Defendant is informed and believes and thereon alleges that it has performed and fully discharged any and all obligations and legal duties to Plaintiffs pertinent to the matters alleged in Plaintiffs' Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

Plaintiffs' claims, and the claims of each putative member of the purported classes defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

### TWELFTH AFFIRMATIVE DEFENSE

(Release)

Plaintiffs' claims, and the claims of each putative member of the purported classes defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

07 CV 2146 IEG (NLS)

1    **THIRTEENTH AFFIRMATIVE DEFENSE**

2    (Uncompensated Time *De Minimis*)

3    Any uncompensated time was *de minimis*.

4    **FOURTEENTH AFFIRMATIVE DEFENSE**

5    (Failure to Exhaust Internal and Administrative Remedies)

6    Plaintiffs' statutory claims, and the claims of each putative member of the purported classes

7    defined in the Complaint, are barred to the extent they failed to exhaust their internal and/or

8    administrative remedies.

9    **FIFTEENTH AFFIRMATIVE DEFENSE**

10    (Failure to Exhaust Pre-Suit Administrative Requirements)

11    The Complaint is barred because Plaintiffs have failed to give timely and sufficient notice of

12    the alleged statutory violations to the California Labor and Workforce Development Agency and to

13    Defendant, as required by California Labor Code section 2699.3.

14    **SIXTEENTH AFFIRMATIVE DEFENSE**

15    (Preemption)

16    The Complaint is pre-empted by the federal Fair Labor Standards Act ("FLSA") in that the

17    application of California law to an alleged violation of the FLSA would impermissibly frustrate and

18    undermine the remedial framework adopted by Congress for alleged violations of the FLSA.

19    Specifically, Congress has mandated an opt-in collective action procedure for FLSA claims, while

20    state law claims regarding the same alleged underlying wrong are subject to an opt-out class action

21    procedure; additionally, Congress has prescribed a two-year statute of limitations for violation of the

22    FLSA, whereas Plaintiffs seek to apply a four-year statute of limitations.

23    **SEVENTEENTH AFFIRMATIVE DEFENSE**

24    (Not Appropriate for Class Action)

25    The Complaint fails to satisfy any of the prerequisites for class certification.

26    **EIGHTEENTH AFFIRMATIVE DEFENSE**

27    (Due Process)

28    Certification of a class would constitute a denial of Defendant's due process rights in violation

14

1 | of the Fourteenth Amendment and the California Constitution.

2 | **NINETEENTH AFFIRMATIVE DEFENSE**

3 | (No Valid Basis for Injunctive Relief or Restitution)

4 | To the extent Plaintiffs seek injunctive relief, restitution or an accounting, Plaintiffs cannot

5 | establish the necessary predicate(s) of entitlement to such relief.

6 | **TWENTIETH AFFIRMATIVE DEFENSE**

7 | (Not Entitled to Attorneys' Fees)

8 | The Complaint, and each cause of action contained therein, fails to allege any facts or any

9 | legal theory sufficient to entitle Plaintiffs to recover attorneys' fees in this action.

10 | **TWENTY-FIRST AFFIRMATIVE DEFENSE**

11 | (No Standing)

12 | The claims of Plaintiffs and the purported classes are barred by reason of lack of standing to

13 | the extent they have suffered no cognizable injury.

14 | **TWENTY-SECOND AFFIRMATIVE DEFENSE**

15 | (No Nexus)

16 | Plaintiffs' claims are barred in whole or in part due to Plaintiffs' failure to meet their burden of

17 | demonstrating a nexus between Defendant's alleged acts, conduct, or statements and any impact on

18 | Plaintiffs or the general public Plaintiffs purport to represent.

19 | **TWENTY-THIRD AFFIRMATIVE DEFENSE**

20 | (Statute as Applied Is Unconstitutionally Vague)

21 | Plaintiffs' claims violate Defendant's rights under the United States and California

22 | Constitutions by attempting to enforce California Business & Professions Code Section 17200 *et seq*.

23 | and the other statutes and regulations listed in the Complaint in a manner which renders the

24 | requirements of those statutes and regulations unconstitutionally vague.

25 | **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

26 | (Compliance with Applicable Laws)

27 | Plaintiffs' claims are barred in whole or in part by reason of Defendant's compliance with all

28 | applicable laws, statutes, and regulations. Further, to the extent Plaintiffs' claims are based upon the

07 CV 2146 IEG (NLS)

1     purported violation of a statute or regulation that is of purely regulatory import or otherwise does not

2     define "unlawful" conduct purposes of California Business & Professions Code section 17200 *et seq.*,

3     Plaintiffs' claims are barred in whole or in part.

4     **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

5     (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

6     Plaintiffs (on their own behalf and/or on behalf of any putative member of the purported

7     classes as defined in the Complaint) are not entitled to recover any civil penalties because, under the

8     circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or

9     confiscatory, within the meaning of California Labor Code section 2699.

10     **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

11     (No Valid Basis for Injunctive Relief or Restitution)

12     To the extent Plaintiffs seek injunctive relief, restitution or an accounting, Plaintiffs cannot

13     establish the necessary predicate(s) of entitlement to such relief.

14     **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

15     (Conduct Reasonable and in Good Faith)

16     If Defendant is found to have failed to pay Plaintiffs, and each putative member of the

17     purported classes defined in the Complaint, any amount due, which allegations Defendant denies,

18     Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied

19     fully with California and federal wage and hour laws. Consequently, Defendant's conduct was not

20     willful within the meaning of California Labor Code section 203 and applicable federal laws.

21     Additionally, Defendant acted in good faith and had reasonable grounds for believing that its acts or

22     omissions, if any, were not a violation of the FLSA and that Plaintiffs are therefore not entitled to

23     liquidated damages under 29 U.S.C. 260.

24     **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

25     (Conduct Justified)

26     All decisions and actions regarding Plaintiffs' employment with Defendant were done in the

27     exercise of proper managerial discretion, in good faith, and based on legitimate reasons.

28

07 CV 2146 IEG (NLS)

### TWENTY-NINTH AFFIRMATIVE DEFENSE

(Waiting Time Penalties)

The Complaint fails to state a claim for waiting time penalties under California Labor Code section 203 and applicable federal law, in that some of the members of the purported classes did not resign or were not discharged prior to the filing of this action.

### THIRTIETH AFFIRMATIVE DEFENSE

(Unconstitutional Imposition of Restitution/Disgorgement)

Plaintiffs' demands for restitution, disgorgement, or other monetary relief constitute or are the equivalent of a form of criminal or quasi-criminal sanction and thus violate Defendant's rights under the United States Constitution, including without limitation, the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, and the California Constitution, absent the safeguards guaranteed by those provisions.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

(Abstention)

Plaintiffs' claims for relief should be denied under the equitable doctrine of abstention.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

(Due Process)

Prosecution against Defendant of a representative action in these circumstances, and on behalf of persons who are neither members of nor the general public, under California Business and Professions Code section 17200 *et seq.* would constitute a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

(Adequate Remedy at Law)

To the extent that members of the general public that Plaintiffs purport to represent have sustained any injury or damage, which is not conceded, any such injury or damage could be adequately compensated in an action at law. Accordingly, Plaintiffs are not entitled to seek or obtain equitable relief.

07 CV 2146 IEG (NLS)

1

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

2

(Class Action and Representative Claims Improper)

3    The claims of Plaintiffs and the purported classes violate Defendant's due process rights under

4  the United States and California Constitutions to the extent that relief is sought on behalf of third

5  persons even though this lawsuit cannot be maintained as a proper class action.

6

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

7

(Setoff and Recoupment)

8    If any damages have been sustained by Plaintiffs, or by any putative members of the purported

9  classes defined in the Complaint, Defendant is entitled under the equitable doctrine of setoff and

10  recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendant

11  against any judgment that may be entered against Defendant.

12

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

13

(Reservation of Rights)

14    Defendant currently has insufficient information upon which to form a belief as to whether it

15  may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the

16  right to assert additional affirmative defenses in the event that discovery indicates that they would be

17  appropriate.

18    WHEREFORE, Defendant prays for judgment as follows:

19      1.    That Plaintiffs take nothing by virtue of this action;

20      2.    That judgment be entered against Plaintiffs and in favor of Defendant;

21      3.    For costs of suit incurred herein, including attorneys' fees;

22      4.    For an order of this Court denying all relief sought by Plaintiffs herein; and

23  / / / /

24  / / / /

25  / / / /

26  / / / /

27  / / / /

28  / / / /

18

07 CV 2146 IEG (NLS)

1        5.      For such other and further relief as this Court may deem just and proper.

2  DATED:  February 19, 2008      Respectfully submitted,

3                               LUCE, FORWARD, HAMILTON & SCRIPPS LLP

5                               By:  <u>s/Liseanne R. Kelly</u>
                                      Liseanne R. Kelly

6                                      Attorneys for Defendant HSBC AUTO FINANCE INC.
                                      email:  Lkelly@luce.com

8  101060705.2

        07 CV 2146 IEG (NLS)

<u>CERTIFICATE OF SERVICE</u>

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of San Diego, State of California. My business address is 600 West Broadway, Suite 2600, San Diego, California 92101-3372.

On February 19, 2008, I served true copies of the following document(s) described as on the interested parties in this action as follows:

DEFENDANT HSBC AUTO FINANCE INC.'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Luce, Forward, Hamilton & Scripps LLP's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

David D. Deason
DEASON & ARCHBOLD
3300 Irvine Avenue
Suite 245
Newport Beach, CA 92660
Telephone: 949-794-9560
Facsimile: 949 794-9517
Email: David@yourlaborlawyers.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on February 19, 2008, at San Diego, California.

Connie J Marsh

101073681.1