1  Kathryn A. Bernert, State Bar No. 127418
   Liseanne R. Kelly, State Bar No. 211782
2  LUCE, FORWARD, HAMILTON & SCRIPPS LLP
   Del Mar Gateway
3  11988 El Camino Real, Suite 200
   San Diego, California 92130-2594
4  Telephone No.: 858.720.6300
   Fax No.: 858.720.6306
5

6  Attorneys for Defendants HSBC AUTO FINANCE INC.

7  and HSBC FINANCE CORPORATION

8

9             UNITED STATES DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12  DEVOHN L. FLOWERS;<br>ANALIA HERNANDEZ; and | CASE NO. 07 CV 2146 IEG (NLS) |
| 13  LISA APPLEGATE, | JUDGE:  HON. IRMA E. GONZALEZ<br>CTRM:  1 |
| 14       Plaintiffs, | |
| 15  v. | **DEFENDANT HSBC FINANCE<br>CORPORATION'S ANSWER TO<br>PLAINTIFFS' FIRST AMENDED** |
| 16  HSBC AUTO FINANCE INC.;<br>HSBC FINANCE CORPORATION; and | **COMPLAINT** |
| 17  DOES 1 through 10, Inclusive, | |
| 18       Defendants. | |

19

20       Defendant HSBC FINANCE CORPORATION ("HSBC Finance" or "Defendant"), for itself

21  alone, hereby responds to Plaintiffs' Complaint filed herein as follows:

22       1.    Answering the allegations of paragraph 1, Defendant is unable to admit or deny legal

23  allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

24  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

25       2.    Answering the allegations of paragraph 2, Defendant is unable to admit or deny legal

26  allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

27  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

28  admits the allegation that it operates business facilities within this district.

3.      Answering the allegations of paragraph 3, Defendant is informed and believes that Plaintiff Flowers is a resident of San Diego County, in the state of California.  Defendant also admits that Plaintiff was employed by HSBC Auto as a Funder from July 2006 to July 2007, working out of HSBC Auto's location at 5855 Copley Drive, San Diego, California.  As to the remaining allegations, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

4.      Answering the allegations of paragraph 4, Defendant is informed and believes that Plaintiff Hernandez is a resident of San Diego County, in the state of California.  Defendant also admits that Plaintiff was employed by HSBC Auto as a Funder from June 2004 to July 2007, working out of HSBC Auto's location at 5855 Copley Drive, San Diego, California.  As to the remaining allegations, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

5.      Answering the allegations of paragraph 5, Defendant is informed and believes that Plaintiff Applegate is a resident of San Diego County, in the state of California.  Defendant also admits that Plaintiff was employed by HSBC as a Funder working out of HSBC Auto's location at 5855 Copley Drive, San Diego, California.  Defendant denies that Plaintiff Applegate was employed from August 2003 through May of 2005.  As to the remaining allegations, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

6.      Answering the allegations of paragraph 6 Defendant HSBC Auto admits that it was and is a Delaware Corporation doing business under and by virtue of the laws of the state of California, with a place of operation within San Diego County.  Defendant HSBC Auto further admits it provides lending services to consumers across the United States.

/ / /

/ / /

07 CV 2146 IEG (NLS)
ANSWER TO FIRST AMENDED COMPLAINT

7.    Answering the allegations of paragraph 7, Defendant HSBC Finance admits that HSBC Auto is a wholly owned subsidiary of HSBC Finance.  Defendant denies each and every remaining allegation of said paragraph.

8.    Answering the allegations of paragraph 8, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  With respect to any factual allegations in paragraph 8, Defendant denies each and every allegation of said paragraph.

9.    Answering the allegations of paragraph 9, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  With respect to any factual allegations in paragraph 9, Defendant denies each and every allegation of said paragraph.

10.    Answering the allegations of paragraph 10, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  With respect to any factual allegations in paragraph 10, Defendant denies each and every allegation of said paragraph.

11.    Answering the allegations of paragraph 11, Defendant is unable to admit or deny Plaintiffs' allegations as the allegations in said paragraph are unintelligible.

12.    Answering the allegations of paragraph 12, Defendant denies each and every allegation in paragraph 12.

13.    Answering the allegations of paragraph 13, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  With respect to the factual allegations on paragraph 13, Defendant admits that the Plaintiffs seek recovery for alleged violations of state and federal overtime provisions and a failure to provide meal and rest breaks as well as other damages and penalties.  Defendant also admits that Plaintiffs were employed

1    by HSBC Auto as Funders.  Defendant denies all remaining factual allegations contained in paragraph

2    13.

3        14.    Answering the allegations of paragraph 14, Defendant admits that Plaintiffs brought

4    this action under the FLSA, California Labor Code and California Business and Professions Code.

5    Defendant denies any factual allegations contained in paragraph 14.

6        15.    Answering the allegations of paragraph 15, Defendant admits that Plaintiffs are

7    bringing this action pursuant to 29 U.S.C. § 216(b).  Defendant denies the remaining allegations in

8    paragraph 15.

9        16.    Answering the allegations of paragraph 16, Defendant denies each and every allegation

10   in paragraph 16.

11       17.    Answering the allegations of paragraph 17, Defendant is unable to admit or deny legal

12   allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

13   fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

14   denies any factual allegations contained in paragraph 17.

15       18.    Answering the allegations of paragraph 18, Defendant admits that Plaintiffs are

16   bringing this action as a class action pursuant to FRCP Rule 23.  Defendant denies the remaining

17   allegations in paragraph 18.

18       19.    Answering the allegations of paragraph 19, Defendant is unable to admit or deny legal

19   allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

20   fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

21   denies the remaining allegations in paragraph 18.

22       19(a).   Answering the allegations of paragraph 19(a), Defendant admits that the total number

23   of putative class members, as defined in Plaintiffs' Complaint, exceeds 100.  Defendant is unable to

24   admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations

25   are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil

26   Procedure.  Defendant denies the remaining allegations in paragraph 19(a).

27   / / /

28   / / /

07 CV 2146 IEG (NLS)
ANSWER TO FIRST AMENDED COMPLAINT

19(b).   Answering the allegations of paragraph 19(b), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

19(b)(i).   Answering the allegations of paragraph 19(b)(i), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(b)(i).

19(b)(ii).   Answering the allegations of paragraph 19(b)(ii), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(b)(ii).

19(b)(iii).   Answering the allegations of paragraph 19(b)(iii), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(b)(iii).

19(b)(iv).   Answering the allegations of paragraph 19(b)(iv), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(b)(iv).

19(b)(v).   Answering the allegations of paragraph 19(b)(v), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(b)(v).

19(c).   Answering the allegations of paragraph 19(c), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(c).

/ / /

19(d).   Answering the allegations of paragraph 19(d), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(d).

19(e).   Answering the allegations of paragraph 19(e), Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure. Defendant denies all factual allegations in paragraph 19(e).

19(f).   Answering the allegations of paragraph 19(f), Defendant lacks sufficient knowledge regarding what employers throughout the state do with regard to wage and hour laws and denies the allegations on that basis.  Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all remaining factual allegations in paragraph 19(f).

20.    Answering the allegations of paragraph 20, Defendant denies each and every allegation in paragraph 20.

21.    Answering the allegations of paragraph 21, Defendant is unable to admit or deny Plaintiffs' request for notice, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

22.    Answering the allegations of paragraph 22, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

23.    Answering the allegations of paragraph 23, Defendant admits that at all times mentioned in the Complaint that its annual gross volume of sales made or business done is not less than $500,000.

24.    Answering the allegations of paragraph 24, Defendant admits that each of the named Plaintiffs was employed by HSBC Auto as a Funder at HSBC Auto's location at 5855 Copley Drive, San Diego, California.  Defendant further admits that Plaintiffs' job duties centered around the

1  processing of auto loans, including, but not limited to, verifying the employment and financial

2  stability of the buyers.  Defendant further admits that Plaintiffs were paid on an hourly basis which

3  ranged from approximately $13 to $16 dollars per hour.  Except as expressly admitted or alleged

4  herein, Defendant denies each and every remaining allegation of paragraph 24.

5       25.     Answering the allegations of paragraph 25, Defendant denies each and every allegation

6  in paragraph 25.

7       26.     Answering the allegations of paragraph 26, Defendant admits that Plaintiffs'

8  supervisors were often present while work was performed.  Defendant denies each and every

9  remaining allegation in paragraph 26.

10       27.     Answering the allegations of paragraph 27, Defendant admits it is advised from time to

11  time by lawyers.  Except as expressly admitted or alleged herein, Defendant denies each and every

12  remaining allegation of paragraph 27.

13       28.     Answering the allegations of paragraph 28, Defendant is unable to admit or deny legal

14  allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of

15  fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant

16  denies all factual allegations in paragraph 28.

17       29.     Answering the allegations of paragraph 29, Defendant denies each and every allegation

18  in paragraph 29.

19  **<u>FIRST CAUSE OF ACTION</u>**

20  **(FOR WILLFUL VIOLATION OF 29 U.S.C. § 207)**

21       30.     Answering the allegations of paragraph 30, Defendant incorporates by reference its

22  responses to paragraphs 1 through 29, as though set forth fully herein.

23       31.     Answering the allegations of paragraph 31, Defendant denies each and every allegation

24  in paragraph 31.

25       32.     Answering the allegations of paragraph 32, Defendant denies each and every allegation

26  in paragraph 32.

27  / / /

28  / / /

33.    Answering the allegations of paragraph 33, Defendant admits is aware of the law regarding payment of hours worked.  Defendant denies each and every remaining allegation in paragraph 33.

34.    Answering the allegations of paragraph 34, Defendant admits that Plaintiffs' supervisors were often present while work was performed.  Defendant denies each and every remaining allegation in paragraph 34.

35.    Answering the allegations of paragraph 35, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 35.

36.    Answering the allegations of paragraph 36, Defendant denies each and every allegation in paragraph 36.

37.    Answering the allegations of paragraph 37, Defendant denies each and every allegation in paragraph 37.

38.    Answering the allegations of paragraph 38, Defendant denies each and every allegation in paragraph 38.

## SECOND CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA LABOR CODE §§ 1198, 1194 AND 510)

39.    Answering the allegations of paragraph 39, Defendant incorporates by reference its responses to paragraphs 1 through 38, as though set forth fully herein.

40.    Answering the allegations of paragraph 40, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

41.    Answering the allegations of paragraph 41, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

42.    Answering the allegations of paragraph 42, Defendant denies each and every allegation in paragraph 42.

43.     Answering the allegations of paragraph 43, Defendant denies each and every allegation in paragraph 43.

44.     Answering the allegations of paragraph 44, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

45.     Answering the allegations of paragraph 45, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 45.

## THIRD CAUSE OF ACTION

### (VIOLATION OF CALIFORNIA LABOR CODE §§ 201, 202 AND 203)

46.     Answering the allegations of paragraph 46, Defendant incorporates by reference its responses to paragraphs 1 through 45, as though set forth fully herein.

47.     Answering the allegations of paragraph 47, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

48.     Answering the allegations of paragraph 48, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 48.

49.     Answering the allegations of paragraph 49, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 49.

50.     Answering the allegations of paragraph 50, Defendant denies each and every allegation in paragraph 50.

/ / /

/ / /

## FOURTH CAUSE OF ACTION

### (WILLFUL VIOLATION OF CALIFORNIA LABOR CODE § 226)

51.     Answering the allegations of paragraph 51, Defendant incorporates by reference its responses to paragraphs 1 through 50, as though set forth fully herein.

52.     Answering the allegations of paragraph 52, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

53.     Answering the allegations of paragraph 53, Defendant denies each and every allegation in paragraph 53.

54.     Answering the allegations of paragraph 54, Defendant denies each and every allegation in paragraph 54.

## FIFTH CAUSE OF ACTION

### (VIOLATION FOR FAILURE TO PROVIDE MEAL AND REST BREAKS)

55.     Answering the allegations of paragraph 55, Defendant incorporates by reference its responses to paragraphs 1 through 54, as though set forth fully herein.

56.     Answering the allegations of paragraph 56, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

57.     Answering the allegations of paragraph 57, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 57.

58.     Answering the allegations of paragraph 58, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

59.     Answering the allegations of paragraph 59, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

60.     Answering the allegations of paragraph 60, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

61.     Answering the allegations of paragraph 61, Defendant denies each and every allegation in paragraph 61.

62.     Answering the allegations of paragraph 62, Defendant denies each and every allegation in paragraph 62.

**SIXTH CAUSE OF ACTION**

**(VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONALS CODE**

**SECTIONS 17200 *ET SEQ*., UNFAIR BUSINESS PRACTICES)**

63.     Answering the allegations of paragraph 63, Defendant incorporates by reference its responses to paragraphs 1 through 62, as though set forth fully herein.

64.     Answering the allegations of paragraph 64, Defendant admits that Plaintiffs are bringing this action on their own behalf.  Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

65.     Answering the allegations of paragraph 65, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 65.

66.     Answering the allegations of paragraph 66, Defendant is unable to admit or deny legal allegations or conclusions of law regarding Plaintiffs' claims, as said allegations are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.  Defendant denies all factual allegations in paragraph 66.

**WITHOUT WAIVING ANY OF THE FOREGOING, ANSWERING**

**DEFENDANT, FOR ITS AFFIRMATIVE DEFENSES TO THE**

**COMPLAINT, ALLEGES AS FOLLOWS:**

The following separate affirmative defenses are asserted to the Complaint, and to each

purported claim therein brought against Defendant.   By pleading these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden rests with Plaintiffs.   Moreover, nothing stated herein is intended or shall be construed as an admission that any particular  issue or subject matter is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

The Complaint fails to state facts sufficient to constitute a cause or causes of action against this answering Defendant.

### SECOND AFFIRMATIVE DEFENSE

(Uncertainty)

The Complaint is vague, uncertain, ambiguous and unintelligible.

### THIRD AFFIRMATIVE DEFENSE

(Statutes of Limitation)

Defendant is informed and believes and thereon alleges that the Complaint, and each cause of action therein, is barred by each and every applicable statute of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338(a), 339(1), 340(a), 343, California Business and Professions Code section 17208, and 29 U.S.C. section 255(a).

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiffs are estopped by their own conduct and omissions from asserting any claims, damages or seeking other relief from Defendant.

### FIFTH AFFIRMATIVE DEFENSE

(Waiver)

Plaintiffs, by their actions and/or omissions, knowingly, voluntarily and willingly waived any rights they might otherwise have had against Defendant.

/ / /

/ / /

07 CV 2146 IEG (NLS)
ANSWER TO FIRST AMENDED COMPLAINT

1

**SIXTH AFFIRMATIVE DEFENSE**

2

(Laches)

3

Some or all of the causes of actions in the Complaint are barred by the doctrine of laches.

4

**SEVENTH AFFIRMATIVE DEFENSE**

5

(Jurisdiction)

6

The Court may lack jurisdiction over some or all of the putative class members.

7

**EIGHTH AFFIRMATIVE DEFENSE**

8

(Failure to Mitigate)

9    Plaintiffs have not been damaged.  However, to the extent Plaintiffs prove otherwise, Plaintiffs

10   have failed to take adequate steps to minimize, alter, reduce or otherwise diminish their damages, if

11   any, with respect to the matters alleged in the Complaint, and by reason of the foregoing, Plaintiffs are

12   barred from the recovery of damages, or damages should be dismissed based on Plaintiffs' failure to

13   mitigate.

14

**NINTH AFFIRMATIVE DEFENSE**

15

(Unclean Hands)

16   Defendant is informed and believes and thereon alleges that Plaintiffs, by their own conduct,

17   acts, and/or omissions, are barred by their unclean hands and shared fault from all legal and equitable

18   relief requested in the Complaint.

19

**TENTH AFFIRMATIVE DEFENSE**

20

(Defendant's Full Performance)

21   Defendant is informed and believes and thereon alleges that it has performed and fully

22   discharged any and all obligations and legal duties to Plaintiffs pertinent to the matters alleged in

23   Plaintiffs' Complaint.

24

**ELEVENTH AFFIRMATIVE DEFENSE**

25

(Accord and Satisfaction)

26   Plaintiffs' claims, and the claims of each putative member of the purported classes defined in

27   the Complaint, or some of them, are barred in whole or in part by the principles of accord and

28   satisfaction, and payment.

07 CV 2146 IEG (NLS)
ANSWER TO FIRST AMENDED COMPLAINT

**TWELFTH AFFIRMATIVE DEFENSE**

(Release)

Plaintiffs' claims, and the claims of each putative member of the purported classes defined in the Complaint, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

**THIRTEENTH AFFIRMATIVE DEFENSE**

(Uncompensated Time *De Minimis*)

Any uncompensated time was *de minimis*.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Internal and Administrative Remedies)

Plaintiffs' statutory claims, and the claims of each putative member of the purported classes defined in the Complaint, are barred to the extent they failed to exhaust their internal and/or administrative remedies.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Pre-Suit Administrative Requirements)

The Complaint is barred because Plaintiffs have failed to give timely and sufficient notice of the alleged statutory violations to the California Labor and Workforce Development Agency and to Defendant, as required by California Labor Code section 2699.3.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Preemption)

The Complaint is pre-empted by the federal Fair Labor Standards Act ("FLSA") in that the application of California law to an alleged violation of the FLSA would impermissibly frustrate and undermine the remedial framework adopted by Congress for alleged violations of the FLSA. Specifically, Congress has mandated an opt-in collective action procedure for FLSA claims, while state law claims regarding the same alleged underlying wrong are subject to an opt-out class action procedure; additionally, Congress has prescribed a two-year statute of limitations for violation of the FLSA, whereas Plaintiffs seek to apply a four-year statute of limitations.

///

07 CV 2146 IEG (NLS)
ANSWER TO FIRST AMENDED COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Not Appropriate for Class Action)

The Complaint fails to satisfy any of the prerequisites for class certification.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

Certification of a class would constitute a denial of Defendant's due process rights in violation of the Fourteenth Amendment and the California Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Valid Basis for Injunctive Relief or Restitution)

To the extent Plaintiffs seek injunctive relief, restitution or an accounting, Plaintiffs cannot establish the necessary predicate(s) of entitlement to such relief.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Not Entitled to Attorneys' Fees)

The Complaint, and each cause of action contained therein, fails to allege any facts or any legal theory sufficient to entitle Plaintiffs to recover attorneys' fees in this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Standing)

The claims of Plaintiffs and the purported classes are barred by reason of lack of standing to the extent they have suffered no cognizable injury.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Nexus)

Plaintiffs' claims are barred in whole or in part due to Plaintiffs' failure to meet their burden of demonstrating a nexus between Defendant's alleged acts, conduct, or statements and any impact on Plaintiffs or the general public Plaintiffs purport to represent.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Statute as Applied Is Unconstitutionally Vague)

Plaintiffs' claims violate Defendant's rights under the United States and California Constitutions by attempting to enforce California Business & Professions Code Section 17200 *et seq.*

1   and the other statutes and regulations listed in the Complaint in a manner which renders the

2   requirements of those statutes and regulations unconstitutionally vague.

3                   **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

4                          (Compliance with Applicable Laws)

5          Plaintiffs' claims are barred in whole or in part by reason of Defendant's compliance with all

6   applicable laws, statutes, and regulations.  Further, to the extent Plaintiffs' claims are based upon the

7   purported violation of a statute or regulation that is of purely regulatory import or otherwise does not

8   define "unlawful" conduct purposes of California Business & Professions Code section 17200 *et seq.*,

9   Plaintiffs' claims are barred in whole or in part.

10                   **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

11             (Unjust, Arbitrary and Oppressive, or Confiscatory Penalties)

12         Plaintiffs (on their own behalf and/or on behalf of any putative member of the purported

13  classes as defined in the Complaint) are not entitled to recover any civil penalties because, under the

14  circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or

15  confiscatory, within the meaning of California Labor Code section 2699.

16                   **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

17              (No Valid Basis for Injunctive Relief or Restitution)

18         To the extent Plaintiffs seek injunctive relief, restitution or an accounting, Plaintiffs cannot

19  establish the necessary predicate(s) of entitlement to such relief.

20                  **TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

21                   (Conduct Reasonable and in Good Faith)

22         If Defendant is found to have failed to pay Plaintiffs, and each putative member of the

23  purported classes defined in the Complaint, any amount due, which allegations Defendant denies,

24  Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied

25  fully with California and federal wage and hour laws.  Consequently, Defendant's conduct was not

26  willful within the meaning of California Labor Code section 203 and applicable federal laws.

27  Additionally, Defendant acted in good faith and had reasonable grounds for believing that its acts or

28  / / /

07 CV 2146 IEG (NLS)
ANSWER TO FIRST AMENDED COMPLAINT

1 omissions, if any, were not a violation of the FLSA and that Plaintiffs are therefore not entitled to

2 liquidated damages under 29 U.S.C. 260.

3 **TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

4 (Conduct Justified)

5      All decisions and actions regarding Plaintiffs' employment with Defendant were done in the

6 exercise of proper managerial discretion, in good faith, and based on legitimate reasons.

7 **TWENTY-NINTH AFFIRMATIVE DEFENSE**

8 (Waiting Time Penalties)

9      The Complaint fails to state a claim for waiting time penalties under California Labor Code

10 section 203 and applicable federal law, in that some of the members of the purported classes did not

11 resign or were not discharged prior to the filing of this action.

12 **THIRTIETH AFFIRMATIVE DEFENSE**

13 (Unconstitutional Imposition of Restitution/Disgorgement)

14      Plaintiffs' demands for restitution, disgorgement, or other monetary relief constitute or are the

15 equivalent of a form of criminal or quasi-criminal sanction and thus violate Defendant's rights under

16 the United States Constitution, including without limitation, the Fourth, Fifth, Sixth, Eighth, and

17 Fourteenth Amendments, and the California Constitution, absent the safeguards guaranteed by those

18 provisions.

19 **THIRTY-FIRST AFFIRMATIVE DEFENSE**

20 (Abstention)

21      Plaintiffs' claims for relief should be denied under the equitable doctrine of abstention.

22 **THIRTY-SECOND AFFIRMATIVE DEFENSE**

23 (Due Process)

24      Prosecution against Defendant of a representative action in these circumstances, and on behalf

25 of persons who are neither members of nor the general public, under California Business and

26 Professions Code section 17200 *et seq.* would constitute a denial of its due process rights in violation

27 of the Fourteenth Amendment to the United States Constitution and the California Constitution.

28 / / /

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

(Adequate Remedy at Law)

To the extent that members of the general public that Plaintiffs purport to represent have sustained any injury or damage, which is not conceded, any such injury or damage could be adequately compensated in an action at law. Accordingly, Plaintiffs are not entitled to seek or obtain equitable relief.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

(Class Action and Representative Claims Improper)

The claims of Plaintiffs and the purported classes violate Defendant's due process rights under the United States and California Constitutions to the extent that relief is sought on behalf of third persons even though this lawsuit cannot be maintained as a proper class action.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

(Setoff and Recoupment)

If any damages have been sustained by Plaintiffs, or by any putative members of the purported classes defined in the Complaint, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to Defendant against any judgment that may be entered against Defendant.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

(Reservation of Rights)

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant therefore reserves the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiffs take nothing by virtue of this action;

2.      That judgment be entered against Plaintiffs and in favor of Defendant;

3.      For costs of suit incurred herein, including attorneys' fees;

4.      For an order of this Court denying all relief sought by Plaintiffs herein; and

07 CV 2146 IEG (NLS)
ANSWER TO FIRST AMENDED COMPLAINT

1          5.          For such other and further relief as this Court may deem just and proper.

2    DATED:  May 2, 2008                    Respectfully submitted,

3                                           LUCE, FORWARD, HAMILTON & SCRIPPS LLP

4

5                                           By:  s/Liseanne R. Kelly
                                                 Liseanne R. Kelly
6                                                Attorneys for Defendant HSBC AUTO FINANCE INC.
                                                 and HSBC FINANCE CORPORATION
7
                                                 email:  Lkelly@luce.com
8

9    101091341.1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07 CV 2146 IEG (NLS)
                                                       ANSWER TO FIRST AMENDED COMPLAINT