1  Kathryn A. Bernert, State Bar No. 127418
   Karen M. Clemes, State Bar No. 199865
2  Liseanne R. Kelly, State Bar No. 211782
   LUCE, FORWARD, HAMILTON & SCRIPPS LLP
3  11988 El Camino Real, Suite 200
   San Diego, California 92130-2594
4  Telephone No.: 858.720.6300
   Fax No.: 858.720.6306
5

6  Attorneys for Defendants HSBC AUTO FINANCE INC. and HSBC FINANCE CORPORATION

7

8                     UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10

11 DEVOHN L. FLOWERS;                    CASE NO. 07 CV 2146 IEG (LSP)
   ANALIA HERNANDEZ; and
12 LISA APPLEGATE,
                                         **JOINT MOTION FOR PROTECTIVE**
13        Plaintiffs,                    **ORDER AND CONFIDENTIALITY**
                                         **AGREEMENT**
14 v.
                                         Judge:       Hon. Leo S. Papas
15 HSBC AUTO FINANCE INC;                Trial Date:  None Set
   HSBC FINANCE CORPORATION; and
16 DOES 1 through 10, Inclusive,

17        Defendants.

18

19        WHEREAS, defendants HSBC Auto Finance Inc. and HSBC Finance Corporation

20 ("Defendants") and plaintiffs Devohn Flowers, Analia Hernandez, and Lisa Applegate

21 (collectively, "Plaintiffs"), have in their possession information which they contend may be

22 confidential, private, or proprietary, which information has been or may be requested in discovery

23 in the course of this litigation; and

24        WHEREAS, the parties to this action desire to avoid further controversy regarding the

25 potential disclosure of said documents and/or information;

26        IT IS HEREBY STIPULATED by and between the parties hereto, through their respective

27 counsel of record, as follows:

28 ///

                                        1

1.     After this Joint Motion for Protective Order and Confidentiality Agreement is signed by counsel of record for both parties, said information will be contained in documents marked with the designation "CONFIDENTIAL" and shall hereafter be referred to herein as "CONFIDENTIAL INFORMATION."

2.     Unless otherwise ordered by the Court, or agreed to in a written agreement signed by Defendants' counsel of record and Plaintiffs' counsel of record in this action, the CONFIDENTIAL INFORMATION shall be used only in preparation for and/or trial of this action, United States District Court Southern District of California, CASE NO. 07 CV 2146 IEG (LSP) ("this Action"), and shall not be used for any other purpose whatsoever.

3.     By producing the CONFIDENTIAL INFORMATION, the parties do not waive any objection to its admissibility, relevance, privacy, or any other ground of objection, all of which grounds are specifically reserved.

4.     Subject to paragraphs 10 and 11 below, CONFIDENTIAL INFORMATION shall be treated as follows:

     a.     CONFIDENTIAL INFORMATION shall not be disclosed by counsel of record for Plaintiffs or Defendants to any person other than the following:

         (1)     Counsel of record for Plaintiffs and Defendants, and attorneys, paralegals, stenographic and clerical employees of such counsel who work under the direct supervision of such counsel in connection with this case;

         (2)     Named Plaintiffs and Defendants;

         (3)     Consultants and experts employed by counsel of record for Plaintiffs and Defendants for the purpose of assisting in the preparation for and/or trial of this case; and

         (4)     The court and court personnel.

         (5)     Witnesses and potential witnesses in the case.

     b.     Any person identified in 4(a)(3), to whom disclosure of CONFIDENTIAL INFORMATION is made, shall be advised of this Joint Motion for Protective Order and Confidentiality Agreement and, before disclosure is made, shall sign a copy of Exhibit A to this Joint Motion for Protective Order and Confidentiality Agreement, thus indicating that he or she

agrees to abide by the terms of this Joint Motion for Protective Order and Confidentiality Agreement and to be subject to the jurisdiction of this Court for purposes of enforcement of this Joint Motion for Protective Order and Confidentiality Agreement. Counsel for the opposing party shall be provided immediately with a copy of Exhibit A to the Joint Motion for Protective Order and Confidentiality Agreement and bearing the name, company, address, telephone number and signature of any such person before any CONFIDENTIAL INFORMATION is disclosed to such person. However, if counsel retains an expert outside consultant whom they do not designate as an expert, then counsel need not forward Exhibit A to the Joint Motion for Protective Order and Confidentiality Agreement until the conclusion of the litigation.

c.     Any person identified in 4(a)(5) may be shown, but shall not be allowed to retain, a copy of documents containing CONFIDENTIAL INFORMATION, only if the following procedures are complied with. Any person identified in 4(a)(5) to whom disclosure of CONFIDENTIAL INFORMATION is made shall be advised of this Joint Motion for Protective Order and Confidentiality Agreement and, before disclosure is made, shall sign a copy of Exhibit A to this Joint Motion for Protective Order and Confidentiality Agreement, thus indicating that he or she agrees to abide by the terms of this Joint Motion for Protective Order and Confidentiality Agreement and to be subject to the jurisdiction of this Court for purposes of enforcement of this Joint Motion for Protective Order and Confidentiality Agreement. The counsel who has shown the witness the CONFIDENTIAL INFORMATION shall retain a copy of the signed Exhibit A and will be required to provide it to opposing counsel if and when that counsel refers to or proffers the name of the witness or the testimony of the witness as part of discovery requests or responses or in a filing with the court in this case. If counsel does not ever proffer the name or testimony of the witness during the case, then the signed Exhibit A for such a witness shall be provided to opposing counsel when this case is resolved by judgment or settlement.

5.     If any counsel intends to mark as exhibits any CONFIDENTIAL INFORMATION, or discuss the contents of such in any deposition, the court reporter or transcriber who reports or transcribes testimony in this action shall be informed about this Joint Motion for Protective Order and Confidentiality Agreement and shall be asked to take appropriate steps to preserve

confidentiality under the terms of this Joint Motion for Protective Order and Confidentiality Agreement.  Portions of deposition or hearing transcripts or exhibits thereto discussing or relating to CONFIDENTIAL INFORMATION may be designated "Confidential" by counsel for the parties, either by making an appropriate statement on the record at the deposition or hearing, or by written notice to counsel for the opposing party within 30 days of receipt of the deposition or hearing transcript.  All deposition or pretrial hearing transcripts shall be treated as if designated as confidential until after such 30-day period has expired.  Portions of deposition or hearing transcripts designated as "confidential" shall be treated as if they contained CONFIDENTIAL INFORMATION.

6.     Counsel agree to provide opposing counsel thirty (30) days advance notice, if practicable, in the event counsel intends to deposit or file with the Court CONFIDENTIAL INFORMATION produced by opposing party.  Parties wishing to lodge CONFIDENTIAL INFORMATION under seal must obtain permission from the Court to do so via a joint motion or motion to seal.  Counsel agree to reasonably cooperate with opposing counsel to obtain an order to shorten time for hearing of a motion to seal the CONFIDENTIAL INFORMATION.  Even though counsel for the parties agree to cooperate, each party may contend that the CONFIDENTIAL INFORMATION is not entitled to protection.

7.     The fact that CONFIDENTIAL INFORMATION has been designated as "confidential" shall not be admissible during the trial of this case, nor shall the jury be advised of such designation.

8.     Upon final determination of this case, whether by judgment, settlement, or otherwise, including all appeals:

a.     Counsel of record and any other person who has received CONFIDENTIAL INFORMATION shall assemble and return to opposing counsel all material so produced, along with all copies, extracts, summaries and compilations thereof (except material constituting the work product of any counsel which shall be kept confidential thereafter).

/ / /

/ / /

b.    The Clerk of the Court shall return to counsel all CONFIDENTIAL INFORMATION that has been filed or lodged with the Court under seal;

9.    After the final determination of this case, the Court shall retain jurisdiction over each party to this case for the purpose of enforcing the terms of this Joint Motion for Protective Order and Confidentiality Agreement.

10.    This Joint Motion for Protective Order and Confidentiality Agreement shall become effective as a stipulation among the parties immediately upon its execution by counsel for all parties, notwithstanding the pendency of approval by the Court.  If approval by the Court is ultimately withheld or made conditional, no party shall treat any CONFIDENTIAL INFORMATION in any fashion other than as provided in this Joint Motion for Protective Order and Confidentiality Agreement without giving the producing party sufficient prior notice to allow for application to the Court for additional relief.

11.    A party that disagrees with another party's designation of information as CONFIDENTIAL INFORMATION shall provide written notice to the other party.  Counsel shall meet and confer to attempt to resolve any such dispute, and if the dispute is not resolved, may seek a Court Order that the information at issue should not be treated as CONFIDENTIAL INFORMATION.  The execution of this Joint Motion for Protective Order and Confidentiality Agreement shall not preclude any party from moving the Court for other or further protective orders in the course of this litigation.  This Confidentiality Agreement and Protective Order is

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1    subject to amendment and modification by further written agreement among counsel of record or

2    by the Court based on public policy or other considerations.

3    DATED: May 8, 2008                    DEASON & ARCHIBOLD

4

5                                          By: s/ David D. Deason

6                                               David D. Deason
                                                Attorneys for Plaintiffs

7

8    DATED: May 8, 2008                    LUCE, FORWARD, HAMILTON & SCRIPPS LLP

9

10                                         By: s/ Karen M. Clemes

11                                              Kathryn A. Bernert
                                                Karen M. Clemes
12                                              Liseanne R. Kelly
                                                Attorneys for Defendants HSBC AUTO FINANCE
13                                              INC. and HSBC FINANCE CORPORATION

14    101084362.1

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

EXHIBIT "A"

2

**AGREEMENT TO ABIDE BY CONFIDENTIALITY AGREEMENT**

3

The undersigned hereby certifies that he or she has received, reviewed carefully and

4

understands the Joint Motion for Protective Order and Confidentiality Agreement and the

5

Protective Order signed by the Court ("Confidentiality Agreement and Order"), copies of which

6

are attached to this Agreement, entered in the litigation styled:   Devohn Flowers et al. v. HSBC

7

Auto Finance Inc. et al., United States District Court (Southern District) Case No. 07 CV 2146

8

IEG (LSP).   The undersigned further certifies that he or she agrees to be bound by the

9

Confidentiality Agreement and Order.  The undersigned hereby submits to the jurisdiction of the

10

Court for purposes of the administration and enforcement of the Confidentiality Agreement and

11

Order.

12

13

Date: _____

14

_____
Signature

15

16

_____
Print Name

17

18

_____
Address

19

20

_____
City                     State                     Zip Code

21

22

23

_____
Work Telephone Number

24

25

_____
Home Telephone Number

26

27

28

7