UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVOHN L. FLOWERS; ANALIA HERNANDEZ; and LISA APPLEGATE,<br><br>            Plaintiff,<br><br>v.<br><br>HSBC AUTO FINANCE, INC.; HSBC FINANCE CORPORATION,<br><br>            Defendants. | Civil No.07CV2146-IEG(LSP)<br><br>CASE MANAGEMENT CONFERENCE ORDER REGULATING DISCOVERY AND OTHER PRETRIAL PROCEEDINGS<br>    (Fed. R. Civ. P. 16)<br>    (Local Rule 16.1)<br>    (Fed. R. Civ. P. 26) |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Case Management Conference was held on May 19, 2008. After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing,

IT IS HEREBY ORDERED:

1.      Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed on or before August 1, 2008.

2.      On or before September 5, 2008, all parties shall exchange with all other parties a list of all expert witnesses expected to offer testimony or other evidence related to Fair Labor Standards Act ("FLSA") conditional class certification or Fed. R. Civ. P. Rule 23 class certification motions. The list shall include the name, address, and phone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list shall also include the normal rates the expert charges for deposition and trial testimony. On or before September 19, 2008, any party may

1

supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

3. Any motion seeking to conditionally certify or certify a collective action under FLSA should be filed no later than October 6, 2008.

4. Any motion seeking to certify a class or classes pursuant to Fed. R. Civ. P. Rule 23 should be filed no later than April 21, 2009.

5. Motions will not be heard or calendared unless counsel for the moving party has obtained a motion hearing date from the law clerk of the judge who will hear the motion. **Be advised that the parties must file their moving papers within three (3) days of receiving the motion hearing date from the Court.** You may need to contact the judge's law clerk at least six weeks in advance of the motion cut-off to calendar the motion. Failure of counsel to timely request a motion date may result in the motion not being heard.

6. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

7. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. Rule 26 and Local Rule 26.1(a).

8. The deadline for completion of all discovery, including expert discovery, will be approximately six months after the entry of the Court's order regarding Plaintiffs' anticipated Fed. R. Civ. P. Rule 23 class certification motion. Within one week of entry of this order or, in the event Plaintiffs do not seek Rule 23 class certification, no later than April 28, 2009, counsel shall jointly contact Magistrate Judge Papas' chambers regarding setting a specific deadline for completion of discovery and all remaining case management dates. Although a date and time for the Pretrial Conference is not yet set, counsel should anticipate that under no circumstance will the Pretrial Conference take place any later than July 30, 2010.

9. A Further Case Management Conference and Mandatory Settlement Conference shall be conducted on <u>June 17, 2009</u>, at <u>9 a.m.</u> in the chambers of Magistrate Judge Leo S. Papas. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than <u>June 15, 2009</u>. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

10. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on ex parte application at least one day before the scheduled settlement conference, Magistrate Judge Papas may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

11. The dates and times set forth herein will not be further modified except for good cause shown.

//
//
//
//

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. <u>Heileman Brewing Co., Inc. v. Joseph Oat Corp.</u>, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. <u>Pitman v. Brinker Intl., Inc.</u>, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. <u>Id.</u> at 486. A limited or a sum certain of authority is not adequate. <u>Nick v. Morgan's Foods, Inc.</u>, 270 F.3d 590 (8th Cir. 2001).

1       12.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

DATED: June 11, 2008

                                             Hon. Leo S. Papas
                                             U.S. Magistrate Judge